SULAIMAN LAW GROUP, LTD.
Alexander J. Taylor
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD M. SCHAIRED, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MONTEREY FINANCIAL SERVICES, LLC, <br><br> Defendant. | Case No. 3:22-cv-00736-BAS-MDD <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> **Hearing date: October 3, 2022** <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** <br><br> Judge: Honorable Cynthia Bashant |

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**NOW COMES** Plaintiff ROBERT SHAIRED ("Plaintiff"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), bringing this Motion for Leave to File his First Amended Complaint, and in support thereof, stating as follows:

1. On May 23, 2022, Plaintiff filed a Class Action Complaint ("original complaint") against Defendant MONTEREY FINANCIAL SEVICES, LLC.

2. Plaintiff's claims against Defendant stem from Defendant's alleged unlawful debt collection activity.

1

3. Plaintiff's original complaint seeks damages for violations of the Fair Debt Collection Practices Act ("FDCPA") and violations of the Telephone Consumer Protection Act ("TCPA").

4. On July 25, 2022, Defendant filed a Motion to Dismiss some of Plaintiff's FDCPA claims and to strike the class allegations associated with Plaintiff's TCPA and FDCPA claims ("Defendant's Motion"). [Dkt. 4].

5. On August 8, 2022, Plaintiff requested an extension of time to respond to Defendant's Motion, which the court subsequently granted. [Dkts. 8-9].

6. After thoroughly analyzing Defendant's Motion, Plaintiff believes that most of the alleged deficiencies raised in Defendant's Motion can be cured through an amendment.

7. Pursuant to Local Rule 15.1(b), Plaintiff is seeking to amend his complaint to alter the definitions of the proposed TCPA and FDCPA classes. *See* attached Exhibit A, a true and correct copy of Plaintiff's proposed First Amended Complaint and *See* attached Exhibit B, a true and correct copy of Plaintiff's proposed First Amended Complaint showing the proposed changes in redline format.

8. Pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires.

9. A plaintiff is entitled to amend the complaint once as a matter of right if it acts quickly enough and even after that time has expired, a court "should *freely* give leave to amend when justice requires so." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) (emphasis added).

10. "Rule 15(a) declares that leave to amend 'shall be *freely* given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim

on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

11. Here, there is no good cause to deny Plaintiff's proposed amendment.

12. Specifically, the amendment would not unduly prejudice Defendant because (1) this litigation is in its early stages and (2) the amendment would not impact any existing deadlines other than mooting out the briefing deadlines associated with Defendant's Motion.

13. Plaintiff seeks to amend his complaint in good faith and this is Plaintiff's first request to amend his complaint.

14. Based on the foregoing, the interests of justice dictate that Plaintiff should be afforded the opportunity to amend his complaint.

15. Plaintiff's counsel advised Defendant's counsel regarding Plaintiff's intent to amend his complaint and sent the proposed First Amended Complaint to Defendant's counsel via email on August 29, 2022. Defendant opposes this motion.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file his First Amended Complaint and grant any further relief the Court deems just and proper.

Dated: August 31, 2022

Respectfully submitted,

/s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630) 575-8181
ataylor@sulaimanlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

    I, Alexander J. Taylor, certify that on August 31, 2022, I caused the foregoing to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

                                                                         /s/ *Alexander J. Taylor*