Jeff W. Poole (State Bar No. 291783)
*jpoole@hamricklaw.com*
**HAMRICK & EVANS, LLP**
Office Address:
9920 Pacific Heights Blvd. Suite 150
San Diego, CA 92121
Mailing Address:
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone No.: (818) 763-5292
Fax No.: (818) 763-2308

Attorneys for Defendant
Monterey Financial Services, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD M. SCHAIRED, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>          Defendant. | Case No.: 3:22-cv-00736-BAS-MDD<br><br>(Case assigned to Hon. Cynthia Bashant)<br><br>**DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**<br><br>Hearing Date: October 3, 2022<br>Hearing Location: Courtroom 4B<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Defendant Monterey Financial Services, LLC, incorrectly sued as Monterey Financial Services, Inc. ("Monterey"), submits this memorandum of points and authorities in opposition to Plaintiff Robert Schaired's ("Plaintiff") motion seeking leave to file an Amended Complaint.

## I.     <u>INTRODUCTION</u>

The allegations in Plaintiff's Complaint stem from Monterey's attempts to collect a debt he owed to Westgate Resorts. (Doc. 1, ¶¶ 13-19). Plaintiff alleges that, in attempting to collect Plaintiff's debt, Monterey violated the Fair Debt Collection

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Telephone Consumer Practices Act ("TCPA"), 47 U.S.C. § 227 et seq. (Doc. 1). Plaintiff seeks to certify an FDCPA and a TCPA class. (Doc. 1).

Monterey moved to dismiss Plaintiff's 15 U.S.C. § 1692e(11) cause of action (Count II) and to strike the proposed classes as impermissibly fail-safe. (Doc. 4). Instead of opposing Monterey's motion to dismiss, which he still has not done, Plaintiff seeks leave to amend the Complaint. (Doc. 15). Monterey did not consent to Plaintiff's motion seeking leave to amend because permitting Plaintiff to amend is, in large part, futile. The proposed Amended Complaint filed in support of Plaintiff's motion seeking leave to amend does not cure the deficiencies raised in Monterey's motion to dismiss.

Plaintiff's FDCPA claim still fails as a matter of law and Plaintiff's motion seeking leave to amend the Complaint should be denied in that regard.

## II.   **STANDARD OF LAW**

Fed. R. Civ. P. 15(a)(2) provides a party may amend its complaint only with the opposing party's written consent or leave of Court. "The court should freely give leave when justice so requires," and apply this policy is applied liberally. See *Kellogg v. Wilson*, 2017 WL 6389847, at *1 (S.D. Cal. Dec. 14, 2017). Leave to amend, however, is "not to be granted automatically" and leave to amend rests in the discretion of the district court. *Id.* (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Hoagland v. Axos Bank*, 2021 WL 4924814, at *1 (S.D. Cal. Oct. 21, 2021); *Ogunsalu v. Sweetwater Union High Sch. Dist.*, 2018 WL 1336328, at *2 (S.D. Cal. Mar. 14, 2018), aff'd, 745 F. App'x 757 (9th Cir. 2018).

HAMRICK & EVANS, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.  **ARGUMENT**

### a.    *The Court should not grant leave because doing so would be futile*

Leave to amend is properly denied if amendment would be futile. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the amended complaint would not survive a motion to dismiss. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013).

### b.    *Plaintiff does not seek to amend any allegation or claim relating to Count II of the Complaint*

Plaintiff does not propose any amendment to Count II of the Complaint or the facts underlying it. (Doc. 15-3, ¶¶ 13-29; 60-63). Notably, Plaintiff did not oppose Monterey's motion to dismiss or file a motion seeking a stay of the adjudication of the motion to dismiss until Plaintiff's motion seeking leave to amend has been decided.

As a result, Plaintiff has not opposed Monterey's motion to dismiss, and he has not proposed any amendment to the Complaint to attempt to cure Count II. For the reasons discussed in Monterey's motion to dismiss, reiterated below, Count II of the Complaint and the proposed Amended Complaint should be dismissed, making leave to amend futile.

### c.    *The least sophisticated consumer standard*

When evaluating allegations pursuant to 15 U.S.C. § 1692e, the Court can determine as a matter of law whether the language at issue violates the FDCPA. *Canlas v. Eskanos & Adler, P.C.,* 2005 WL 1630014 (N.D. Cal. July 6, 2005) (citing *Terran v. Kaplan,* 109 F.3d 1428, 1431-32 (9th Cir. 1997)). In making that determination, the Court assesses the challenged language against the backdrop of a "least sophisticated debtor" standard. *Swanson v. S. Or. Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988). Importantly, "[t]his is a legal, not a factual, determination." *Stimpson v. Midland Credit,* 944 F.3d 1190, 1196 (9th Cir. 2019)

1   (citing *Gonzalez v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061 (9th Cir. 2011);
2   *see also Terran,* 109 F.3d at 1432.

3        "The 'least sophisticated debtor' is distinguished from the ordinary,
4   reasonable person by being financially unsophisticated."   *Stimpson,* 944 F.3d at
5   1196 (citing *Gonzalez,* 660 F.3d at 1062).   The least sophisticated debtor is
6   comparatively uninformed and naive with respect to financial matters and functions
7   as an "average consumer in the lowest quartile (or some other substantial bottom
8   fraction) of consumer competence." *Stimpson,* 944 F.3d at 1196 (quoting *Evory v.*
9   *RJM Acquisitions Funding, LLC,* 505 F.3d 769, 774 (7th Cir. 2007) (cited in
10  *Gonzalez,* 660 F.3d at 1062)). Despite lacking a high level of financial acumen, the
11  least sophisticated debtor still possesses "rudimentary knowledge about the financial
12  world." *Stimpson,* 944 F.3d at 1196 (quoting *Wahl v. Midland Credit Mgmt., Inc.,*
13  556 F.3d 643, 645 (7th Cir. 2009)); *see also Nagan v. Optio Sols., LLC,* 2020 WL
14  5061838, at *3 (E.D. Wis. Aug. 27, 2020) ("the unsophisticated consumer is not a
15  dimwit and is reasonable . . .") (internal quotations omitted). As stated by the Ninth
16  Circuit:

17              While financially unsophisticated, this debtor is not "the *least*
18          intelligent consumer in this nation of 300 million people."
19          *Evory*, 505 F.3d at 774. Rather, the debtor grasps the normal,
20          everyday meaning of words . . . and is "capable of making basic
21          logical deductions and inferences." *Wahl*, 556 F.3d at 645
22          (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211
23          F.3d 1057, 1060 (7th Cir. 2000) (citing *Gonzales*, 660 F.3d at
24          1062)). The least sophisticated debtor is not unreasonable,
25          *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir.
26          2003), and has a "basic level of understanding and willingness to
27          read with care," *Gonzalez*, 660 F.3d at 1062 (quoting *Rosenau v.*
28          *Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

**DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**

HAMRICK & EVANS, LLP

*Stimpson,* 944 F.3d at 1196.

The least sophisticated debtor standard reflects the balance between the need to protect consumers from deceptive collection practices, and the need to protect the debt collectors from liability based upon unreasonable interpretations of collection communication. In this regard, the FDCPA does not extend to bizarre or idiosyncratic interpretations of communications between a debt collector and a consumer. *Kaiser v. Cascade Cap., LLC*, 989 F.3d 1127, 1137 (9th Cir. 2021).

### d.   *Monterey's messages did not violate 15 U.S.C § 1692e(11)*

As detailed in Monterey's motion to dismiss, Count II of the Complaint, which asserts a claim pursuant to 15 U.S.C § 1692e(11), fails as a matter of law. (Doc. 4). 15 U.S.C § 1692e(11) states that the following violates the FDCPA:

> The failure to disclose ... in [the] initial oral communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the <u>failure to disclose in subsequent communications that the communication is from a debt collector</u> ... [.]

15 U.S.C § 1692e(11) (emphasis added). To comply with 15 U.S.C. § 1692e(11), the debt collector must 'clearly' be identified in the communication to the debtor, including in any "subsequent communications. *McPhatter v. M. Callahan & Assocs., LLC,* 2013 WL 5209926, at *3 (E.D.N.Y. Sept. 13, 2013). Yet, a subsequent communication need not "quote verbatim the language of the statute." *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 668 (S.D.N.Y. 2006) (quoting *Emanuel v. Am. Credit Exch.,* 870 F.2d 805, 808 (2d Cir. 1989); *Forcier v. Creditors Specialty Serv., Inc.,* 2014 WL 6473043, at *8 (D.N.H. Nov. 17, 2014) ("Congress did not mandate that the exact words 'debt collector' be included in the communication"); *Beeders v. Gulf Coast Collection Bureau, Inc.,* 2010 WL 2696404, at *4 (M.D. Fla. July 6, 2010) ("[T]he FDCPA does not require debt

collectors to quote the statutory language verbatim in order to be in compliance." (citing *Foti,* 424 F.Supp.2d at 668)), *aff'd*, 432 Fed.Appx. 918 (11th Cir. 2011).

Multiple courts have dismissed 15 U.S.C § 1692e(11) claims where the communication made clear that the call was from a debt collector despite not explicitly stating "this call is from a debt collector." *See, e.g.*, *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006); *Smith v. Select Portfolio Servicing, Inc.*, 2018 WL 3077795, at *2 (E.D. Pa. June 21, 2018); *Forcier v. Creditors Specialty Serv., Inc.*, 2014 WL 6473043, at *8 (D.N.H. Nov. 17, 2014); *Lorandeau v. Cap. Collection Serv.*, 2011 WL 4018248, at *7 (E.D. Pa. Sept. 8, 2011).

In *Smith*, the plaintiff brought a 15 U.S.C § 1692e(11) claim against the defendant for failing to state, in subsequent communication with plaintiff, that the communication was from a debt collector. *Smith*, 2018 WL 3077795, at *1. Importantly, the subsequent communication at issue stated that "this is an attempt to collect a debt." *Id.* The Court granted the defendant's motion to dismiss and made clear that a debt collector is not required to explicitly state that it is a debt collector to comply with 15 U.S.C § 1692e(11). *Id.* at *2. Instead, the language in the letter – this is an attempt to collect a debt – would clear to the least sophisticated consumer that the communication was sent by a debt collector. *Id.* Simply put, "[b]y clearly stating that each communication was for the purpose of debt collection, [defendant] provided the warnings required to make clear it was acting as a debt collector in accordance with the FDCPA. *Id.*

In *Volden*, the plaintiff commenced a lawsuit against a debt collector relating to two dishonored checks. *Volden*, 440 F.3d 947. Relevant here, the plaintiff alleged that the defendant sent a second collection letter to him that did not comply with 15 U.S.C § 1692e(11) because it did not explicitly state that the letter was from a debt collector. Id. at 955. The letter, however, stated "[f]ederal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be

HAMRICK & EVANS, LLP

used for that purpose." The Eighth Circuit affirmed summary judgment on this claim, holding that "[t]hough the letter does not say it is from a debt collector, the fact that it says it is an attempt to collect a debt is sufficient for even the least sophisticated consumer to understand that such a letter is from a debt collector." *Id.*

Similarly, here, the messages quoted in the Complaint make clear, even to the least sophisticated consumer, that Monterey is a debt collector:

> "This is Monterey Financial Services with an important message. <u>This is an attempt to collect a debt</u>. Please do not erase this message until you call us at 877-444-9967. Again, that number is 877-444-9967. Thank you."

> "This is Monterey Financial Services with an important message. <u>This is an attempt to collect a debt</u>. Please do not erase this message until you call us at 877-444-9967. Again, that number is 877-444-9967. Thank you."

(Doc. 1, ¶ 26) (emphasis added). The messages first identify Monterey as the entity leaving the message. In the next sentence, the messages explicitly state that this is an attempt to collect a debt. The inclusion of the statement "this is an attempt to collect a debt" is sufficient for the least sophisticated consumer to understand that such a letter is from a debt collector. Any other reading of these messages is precisely the type of bizarre or idiosyncratic interpretation of collection communication that the least sophisticated consumer standard is intended to avoid.

Monterey's messages complied with 15 U.S.C § 1692e(11). The proposed Amended Complaint does not propose any changes to the messages themselves, or the allegations that purportedly support Count II of the Complaint. As a result, permitting Plaintiff to file an "amended" Complaint there merely restates the same

HAMRICK & EVANS, LLP

factual claim already subject to Monterey's motion to dismiss is futile and should be denied.

       *e.*     ***The proposed amendments to the FDCPA class are futile because Plaintiff cannot maintain his individual claim as a matter of law***

The Complaint defines the proposed FDCPA class as follows:

> **FDCPA Class**
>
> All individuals in the United States (1) that received a voicemail from Defendant; (2) within the one (1) year preceding the filing of this Complaint and during its pendency; (3) in connection with the collection of a consumer debt; (d) in which Defendant failed to identify itself as a debt collector attempting to collect a debt.

(Doc. 1, p. 6-7). The proposed Amended Complaint makes the following changes, which are underlined:

> **FDCPA Class**
>
> All individuals in the United States (1) that received a voicemail from Defendant; (2) within the one (1) year preceding the filing of this Complaint and during its pendency; (3) in connection with the collection of a consumer debt; (4) in which Defendant failed to explicitly identify itself as a debt collector.

(Doc. 15-3, p. 8). Although the proposed change to the class definition cures the fail-safe issue raised in Monterey's motion to dismiss, permitting leave to amend remains futile because Plaintiff's underlying 15 U.S.C § 1692e(11) fails as a matter of law. Without the underlying cause of action pursuant to 15 U.S.C § 1692e(11), there is no claim to certify an FDCPA class in the first instance. *See Clausen L.*

HAMRICK & EVANS, LLP

*Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262, 1268 (W.D. Wash. 2010) (when a plaintiff's individual claims become moot prior to class certification, the action becomes moot and must be dismissed because the unnamed class members are not technically part of the action and therefore no plaintiff can assert a cognizable claim against the defendant).

As a result, Plaintiff should not be permitted to amend the Complaint with regard to the proposed FDCPA class.

### f.    *Monterey does not oppose Plaintiff's proposed amendment to his TCPA class*

As the Court is aware, Monterey moved to strike Plaintiff's proposed FDCPA and TCPA classes as impermissibly failsafe. (Doc. 4). Again, Plaintiff has not opposed Monterey's motion, but instead seeks leave of Court to attempt to remedy the apparent shortcomings in the proposed classes.

With regard to the proposed TCPA class, Plaintiff's proposed Amended Complaint strikes the issue of consent from the definition. (Doc. 15-3, p. 8). Specifically, the proposed Amended Complaint makes the following changes, identified below:

> **TCPA Class**
>
> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number that was obtained by Defendant from a third party; (3) using an artificial or prerecorded voice; (4) without his/her consent; (4) within the four years preceding the date of this Complaint through the date of class certification.

/ / /

/ / /

HAMRICK & EVANS, LLP

(Doc. 15-3, p. 8). Although the proposed amendment cures the fail-safe nature of the initial proposed class definition, it also highlights the inevitable issue Plaintiff faces regarding class certification. Specifically, the issue of prior express consent, which is a necessary element of the claim asserted, will require denial of class certification in this lawsuit. *See Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 577 (S.D. Cal. 2013) ("Although TCPA cases are not "'per se' unsuitable for class resolution," class certification is warranted only when the "unique facts" of a particular case indicate that individual adjudication of the pivotal element of prior express consent is unnecessary.).

Simply deleting the issue of consent from the proposed class definition does not make it less of an issue in the case. At this point, however, Monterey does not oppose Plaintiff's motion seeking leave to amend as it relates to the proposed amendment to the TCPA class, as these arguments would be inappropriate at the initial pleadings stage.

## IV.   CONCLUSION

For the above-stated reasons, Monterey requests that the Court enter an Order granting it motion to dismiss Count II of the Complaint and striking Plaintiff's class allegations.

DATED:  September 19, 2022                    HAMRICK & EVANS, LLP


By:   /s/ *Jeff W. Poole*
         JEFF W. POOLE
         Attorneys for Defendant
         Monterey Financial Services, Inc.

**DEFENDANT MONTEREY FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**

HAMRICK & EVANS, LLP