# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCHAIRED,<br><br>                                   Plaintiff,<br><br>    v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>                                   Defendant. | Case No. 22-cv-0736-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING PART, PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 15); and**<br><br>**(2) TERMINATING AS MOOT MOTION TO DISMISS INITIAL COMPLAINT (ECF No. 4)** |

      Plaintiff Robert Schaired ("Schaired") commenced this putative-class action against Defendant Monterey Financial Services, Inc. ("MFSI") on May 23, 2022. (Compl., ECF No. 1.) The initial Complaint asserts three claims: one under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and two under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* MFSI moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss one of Schaired's FDCPA claims—that

1  MFSI violated 15 U.S.C. § 1692e(11)—and to strike pursuant to Rule 12(f) Schaired's
2  class allegations. (MFSI's Mot. to Dismiss ("MTD"), ECF No. 4.)

3    Now before this Court is Schaired's Motion for Leave to File his proposed Amended
4  Complaint ("Motion"), which Schaired filed in response to MFSI's motions to dismiss and
5  strike. (Mot., ECF No. 15; Proposed Am. Compl. ("Am. Compl."), Ex. 2 to Mot., ECF
6  No. 15-2.) Schaired explicitly brings his Motion pursuant to Rule 15(a)(2). (Mot. at p. 1.)
7  The proposed Amended Complaint alters only Schaired's class allegations; it leaves
8  untouched the initial Complaint's factual allegations and claims. (*Id.*) MFSI concedes
9  Schaired's proposed amendments cure the deficiencies it identified in its motion to strike.
10 (Opp'n, ECF No. 16.) However, MFSI contends Schaired still fails to state a Section
11 1692e(11) claim upon which relief can be granted. Accordingly, MFSI argues the Motion
12 should be denied as futile as to that claim. (*Id.*) In response, Schaired does not address the
13 merits of MFSI's contention but rather argues MFSI is required as a matter of procedure to
14 file a new motion to dismiss if it seeks to challenge the sufficiency of his Section 1692e(11)
15 claim. (Reply, ECF No. 17.)

16   The Court finds the Motion suitable for determination based upon the papers
17 submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For
18 the reasons stated below, the Court concludes: (1) MFSI's challenge that Schaired fails to
19 state a claim under Section 1692e(11) is properly before this Court and (2) the proposed
20 Amended Complaint fails to allege MFSI violated Section 1692e(11) and, thus, that claim
21 is futile. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Count II and,
22 therefore, **GRANTS IN PART** and **DENIES IN PART** Schaired's Motion. (ECF No.
23 15.)
24 //
25 //
26 //
27 //
28 //

## I. BACKGROUND

### A. Factual History[1]

In approximately 2016, Schaired, a Georgia resident, bought a timeshare property at the Westgate Resort ("Westgate") in Florida. (Compl. ¶ 15.) At some point, which Schaired does not specify, he defaulted on his obligations set forth in the timeshare purchase agreement, leaving an unpaid balance of $8,969. (*Id.* ¶ 17.) Westgate placed that debt for collection with MFSI, a collection agency located in Oceanside, California. (*Id.* ¶¶ 9–10, 18.) MFSI somehow obtained Schaired's cellular phone number and began to call him to collect the subject debt in approximately June 2021. (*Id.* ¶¶ 19, 21.) Schaired ignored these calls for approximately nine months.[2] (*Id.* ¶¶ 20.) Then, in approximately March 2022, Schaired answered a call, marking the first communication between the parties that is identified in the Complaint. (*Id.* ¶ 22.) During that call, Schaired alleges he "advised [MFSI] he wanted to address the subject debt with Westgate directly" and "requested that [MFSI] cease its collection calls." (*Id.* ¶ 23.)

Nevertheless, MFSI continued its collection calls, which Schaired continued to ignore. (Compl. ¶¶ 24–25.) MFSI also allegedly began leaving Schaired voicemails using "an artificial and/or prerecorded voice." (*Id.* ¶ 25.) According to Schaired, "[s]ome of the robocalls placed by [MFSI] failed to disclose . . . [MFSI] was a debt collector attempting to collect a debt." (*Id.* ¶ 28.)

Schaired identifies a single exemplar voicemail out of the estimated 15 he purportedly received. (*Id.* ¶¶ 26, 29.) In it, MFSI stated:

//
//
//

---

[1] These facts all are taken from the initial Complaint and the Amended Complaint. For the pending Rule 15(a)(2) motion, the Court accepts all of the factual allegations set forth therein as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[2] Schaired does not allege MFSI left him any voicemails between June 2021 and March 2022. (*See* Compl. ¶¶ 19–22.)

> This is Monterey Financial Services with an important message.  This is an attempt to collect a debt.  Please do not erase this message until you call us at 877-444-9967.  Again, that number is 877-444-9967.  Thank you.[3]

(*Id.* ¶ 26.)

### B. Procedural History

Approximately two months after the initial communication, Schaired commenced the instant putative-class action against MFSI on May 23, 2022, asserting a claim under the TCPA and two claims under the FDCPA.  Specifically, Schaired alleges:

- MFSI violated the TCPA "by placing no less than fifteen (15) telephone calls to [his] cellular phone utilizing an artificial or prerecorded voice without [his] consent" ("Count I").  (Compl. ¶ 52).

- MFSI violated provision Section 1692e(11) of the FDCPA "by failing to disclose to [him] that it was a debt collector attempting to collect a debt in some of the voicemails it left on [his] cellular phone" (referred to above as "Count II").  (*Id.* ¶ 62).

- MFSI violated the FDCPA's proscriptions delineated at 15 U.S.C. § 1692c and 1692d "by placing collection calls to [his] cellular phone at a time [MFSI] knew to be inconvenient" and by placing those calls "with the specific intent of annoying, harassing, and abusing [him]" ("Count III").  (*Id.* ¶ 77.)

Schaired brings Count I on behalf of himself and all members of the alleged "TCPA Class" and Count II on behalf of himself and all members of the alleged "FDCPA Class."[4] (Compl. ¶ 34.)  He brings Count III on behalf of himself only.  (*Id.* ¶ 34.)

---

[3] Schaired alleges that MFSI's voicemail repeated these lines a second time.  (Compl. ¶ 26.)
[4] The TCPA Class alleged in the initial Complaint consists of:

> All individuals in the United States (1) to whom [MFSI] or a third party acting on [MFSI]'s behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this Complaint through the date of class certification.

On July 25, 2022, MFSI moved to dismiss Count II of the initial Complaint and to strike all the Complaint's class allegations. (MTD.) The Rule 12(b)(6) portion of MFSI's motion asserted that MFSI's voicemail adequately disclosed MFSI's identity as a debt collector by stating the call was (1) from MFSI and (2) "an attempt to collect a debt." (*Id.* at 7.) The Rule 12(f) component of MSFI's motion sought to strike the class allegations on the ground the TCPA Class and FDCPA Class definitions "are fail-safe," *i.e.*, defined in such a way "that precludes membership unless the liability of the defendant is established." (*Id.* at 7–8 (quoting *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010)).)

Schaired did not oppose MFSI's motion. Instead, he moved under Rule 15(a)(2) for leave to file his proposed Amended Complaint. (Mot. for Leave at p. 1 ("[Schaired], by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), bring[s] this Motion for Leave to File his First Amended Complaint.").) That Motion marks Schaired's first proposed amendment. The proposed Amended Complaint differs from the initial Complaint in one way only: it contains new class definitions designed to cure the above-mentioned class-definition deficiency identified by MFSI. The pleadings are otherwise identical. Crucially, the proposed Amended Complaint leaves untouched Count II as initially alleged and the factual allegations underlying that claim. (*See* Redline Comparison of Compl. with Am. Compl. ("Redline") ¶¶ 13–29, 60–64, Ex. 3 to Mot., ECF No. 15-3.)

MFSI partially opposes Schaired's Motion. (Opp'n.) MFSI acknowledges the "proposed change[s] to [the] TCPA [C]lass definition cures the fail-safe issue."[5] (Opp'n

---

The FDCPA Class alleged in the initial Complaint consists of:

> All individuals in the United States that (1) received a voicemail from [MFSI]; (2) within one (1) year preceding the filing of this Complaint and during its pendency; (3) in connection with the collection of a consumer debt; ([4]) in which [MFSI] failed to identify itself as a debt collector attempting to collect a debt.

(Compl. ¶ 34.)

[5] MFSI appears to acknowledge the proposed amendments cure the FDCPA Class definition. (Opp'n at 10.) However, MFSI rightly maintains that if Schaired cannot proceed with Count II on behalf

at 8, 10.) And although it avers Schaired's amendments do not eliminate other "inevitable issue[s]" Schaired will face during the class-certification process, MFSI concedes it "would be inappropriate at the initial pleadings stage" to address those issues. (*Id.* at 10.) However, MFSI asserts Schaired should not be permitted to proceed with Count II for the same reasons MFSI set out in its motion to dismiss. (*Id.* at 3.) That is, MFSI contends Schaired still fails to identify a single communication of MFSI's that plausibly violates Section 1692e(11), thus, leave to amend as to Count II is futile. (*Id.*)

In his reply, Schaired does not address the merits of MFSI's contention the proposed Amended Complaint is futile with respect to Count II. (Reply at 2–3.) Rather, Schaired argues that despite his express invocation of Rule 15(a)(2) in the Motion, the amendments delineated in the proposed Amended Complaint are "as of right." Hence, according to Schaired, MFSI must file a second motion to dismiss Count II of the Amended Complaint if it wishes to rehash the arguments raised in its initial motion to dismiss. (Reply at 2.)

## II. LEGAL STANDARD

Rule 15(a) governs amended pleadings. Rule 15(a)(1) confers litigants with a right to amend once as a matter of course and Rule 15(a)(2) covers all other amendments. When the latter applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a)(2), granting leave to amend rests within the trial court's sound discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). However, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision[s] on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks omitted).

---

of himself, he may not do so on behalf of the FDCPA Class. (*Id.* at 10–11); *see Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1213 (10th Cir. 2006) (holding that a putative class action complaint should be dismissed if the named plaintiff's individual claims fail to pass Rule 12(b)(6) muster); *Sample v. Aldi Inc.*, 61 F.3d 544, 551–52 (7th Cir. 1995) (similar), *abrogated on other grounds by Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996). Because Schaired asserts Count III on behalf of himself only, if MFSI is successful in dismissing Count II, there are no other FDCPA class-action claims set forth in the Amended Complaint.

The policy behind the Rule—that courts should freely grant leave to amendment—"is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "[S]ince Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)).

Still, the court has discretion "to deny leave to amend due to . . . 'futility of amendment.'" *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015) (alteration in original) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)); *see Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) ("[The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." (citation and quotation marks omitted)), *rev'd per curiam on other grounds*, 681 F.3d 1041 (2012); *accord Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (holding an amendment is futile if, as amended, the plaintiff still fails to state a claim upon which relief could be granted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to set forth "enough facts to state a claim for relief that is plausible on its face," which allows "the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court accepts as true factual allegations and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984).  A court does not accept legal conclusions pleaded in the guise of factual allegations, nor does a court accept formulaic recitations of the elements of a cause of action.  *Iqbal*, 556 U.S. at 676; *Twombly*, 550 U.S. at 555; *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

### III.  ANALYSIS

#### A.  Whether Rule 15(a)(1) or Rule 15(a)(2) Controls

As a threshold matter, the Court must address whether it is procedurally proper to determine Count II's futility at this stage of the proceeding, or whether MFSI must raise afresh its Rule 12(b)(6) arguments in a new motion to dismiss.  (*See* Reply at 2.)  The answer to this question hinges upon whether Rule 15(a)(1) or Rule 15(a)(2) controls the instant amended pleading.

Rule 15(a) provides:

> (1) **Amending as a Matter of Course.**  A party may amend its pleading once as a matter of course within:
>
>   (A)  21 days after serving it, or
>
>   (B)  If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments,**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The Ninth Circuit construes Rule 15(a)(1) as bestowing upon the parties "a 'right' to amend," so long as the amendment is brought within the timeframe prescribed by the Rule.  *Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (citing *inter alia*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (parties have twenty-one days 'to amend as of right'")).  When an amendment is as of right, the opposing party's consent to that amendment is irrelevant.  *Compare* Fed. R. Civ. P. 15(a)(1) *with id.* 15(a)(2); *see, e.g.*, *Maung NG We & Massive Atl. Ltd. v. Merrill Lynch & Co., Inc.*, No. 99

Civ. 9687 CSH, 2000 WL 45440, at *2 (S.D.N.Y. Jan. 19, 2000) (noting that a defendant has no right to oppose an amendment properly brought pursuant to Rule 15(a)(1)). However, when brought pursuant to Rule 15(a)(2), a plaintiff must obtain either the defendant's consent or the court's leave to amend. Fed. R. Civ. P. 15(a)(2).

While it is true Schaired filed his proposed Amended Complaint in compliance with the deadlines set forth in Rule 15(a)(1)(B),[6] Schaired's Motion expressly invokes Rule 15(a)(2). The Motion begins, "Now comes Plaintiff Robert Schaired[,] . . . pursuant to *Fed. R. Civ. P. 15(a)(2)*, bringing this Motion for Leave to File his First Amended Complaint[.]" (Mot. at p. 1 (emphasis added).) Furthermore, the Motion cites—and follows the procedures delineated in—Civil Local Rule 15.1.b, which governs motions for leave to amend brought pursuant to Rule 15(a)(2), *see* Civ. L.R. 15.1.b, and outlines the Rule 15(a)(2) standard, which Schaired argues governs his Motion (*see* Mot. ¶¶ 8–10). Thus, on its face, the Motion is brought pursuant to Rule 15(a)(2). MFSI partially opposes Schaired's Motion.

Nevertheless, Schaired avers this Court should disregard MFSI's opposition, thereby treating his request to amend as though it is brought as of right pursuant to Rule 15(a)(1), because the instant Motion marks his first request to amend. But "Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions." *Ramirez*, 806 F.3d at 1007. "[Rule 15] does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under Rule 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted once a 15(a)(2) amendment is made." *Id.* Hence, "a plaintiff may amend in whatever order he [or she] sees fit, provided he complies with the respective requirements found within [Rules] 15(a)(1) and 15(a)(2)." *Id.*

---

[6] Initially, Schaired's deadline to file an amended pleading as of right was due August 15, 2022. However, the parties jointly moved for an extension of that deadline through August 29, 2022, which this Court granted. (Order, ECF No. 8.) Schaired filed his proposed Amended Complaint by that deadline. (*See* ECF No. 13.)

It appears Schaired is seeking to eat his cake and still have it: he moves for leave to amend pursuant to Rule 15(a)(2), thereby preserving his ability to amend under Rule 15(a)(1) later down the line, but asks that proposed Amended Complaint nevertheless be treated as though it is an amendment "as of right." The Rules forbid this. The plain language of Rule 15 clearly establishes an amendment must be pursuant to either sub-provision (a)(1) *or* (a)(2)—both cannot be controlling at the same time. *See* Fed. R. Civ. P. 15(a)(2) (stating Rule 15(a)(2) applies "in all other cases" in which Rule 15(a)(1) does not).

Accordingly, the Court construes Schaired's Motion as being brought pursuant to the Rule that Motion clearly invokes on its face: Rule 15(a)(2). (Mot. at p. 1 ("Now comes Plaintiff Robert Schaired[,] . . . pursuant to *Fed. R. Civ. P. 15(a)(2)*, bringing this Motion for Leave to File his First Amended Complaint[.]"; *see id.* ¶¶ 8–10 (describing Rule 15(a)(2) standard).)

### B. Whether Count II is Futile

"The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligations and broadly prohibiting abusive practices." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060–61 (9th Cir. 2011) (citing, *inter alia*, 15 U.S.C. § 1692e). The FDCPA is a "strict liability statute," meaning that debt collectors are liable for their noncompliance with the FDCPA's provisions, even if their violations are not knowing or intentional. *Donohue v. Quick Collect, Inc.* 592 F.3d 1027, 1030 (9th Cir. 2010). Although the Federal Trade Commission is empowered to enforce violations of the FDCPA, "Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general." *Gonzales*, 660 F.3d at 1061 (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). Because of the FDCPA's broad remedial nature, courts liberally construe the statute in favor of debtors. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

A plaintiff asserting an FDCPA claim must adequately allege four requisite elements: "(1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises

out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. § 1692a–1692o." *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004); *Gutierrez v. Wells Fargo Bank*, No. C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009) (same). In this Circuit, "the court—and not the jury—determines whether a particular collection [communication] violates the FDCPA." *Anderson v. Credit Collection Servs., Inc.*, 322 F. Supp. 2d 1094, 1096 (S.D. Cal. 2004) (citing *Swanson v. S. Or. Credit Servs., Inc.*, 869 F.2d 1222, 1225–26 (9th Cir. 1988); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997)).

Count II asserts MFSI violated Section 1692e(11). Section 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading misrepresentation or means" in connection with the collection of a debt. 15 U.S.C. § 1692e. That provision identifies a non-exhaustive list of conduct that violates the FDCPA, including the proscriptions delineated at Section 1692e(11), which prohibits debt collectors from:

> Fail[ing] to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector[.][7]

15 U.S.C. § 1692e(11) (alterations added).

As reflected in the text of Section 1692e(11), Congress amended that sub-provision in 1996 "to differentiate between 'initial' communications and 'subsequent' communications." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1081–82 (E.D. Cal. 2008). While Section 1692e(11) now requires debt collectors to make several disclosures in the initial communication only—"that the debt collector is attempting to collect a debt

---

[7] The proscriptions set forth in Section 1692e(11) are inapplicable to communications contained in "a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11).

and that information obtained will be used for that purpose"—it also was "amended to make clear that in any subsequent communication after the initial communication from a debt collector, it must be disclosed that the communication is from a debt collector." *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 1157 (N.D. Cal. 2013) (quoting 15 U.S.C. § 1692e(11)).

To establish a violation of Section 1692e, "[a]n FDCPA plaintiff need not . . . have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F. 3d 1109, 1117–18 (9th Cir. 2014) (emphasis in original). The "least-sophisticated-consumer" standard "is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales*, 660 F.3d at 1061; *Donohue*, 592 F.3d at 1030; *Caudillo v. Portfolio Recovery Assocs., LLC*, No. 12-CV-200-IEG (RBB), 2013 WL 4102155, at *2 (S.D. Cal. Aug. 13, 2013). This standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous.'" *Clark*, 460 F.3d at 1171 (citation omitted). Nevertheless, "[t]he FDCPA does not subject debt collectors to liability for 'bizarre,' 'idiosyncratic,' or 'peculiar' misrepresentations." *Gonzales*, 660 F.3d at 1061. Thus, an alleged debtor's "interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012) (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009)); *see also Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016) ("Courts 'have carefully preserved the concept of reasonableness' and have presumed that debtors have 'a basic level of understanding and willingness to read [or listen] with care 'in order to safeguard bill collectors from liability for consumers' bizarre or idiosyncratic interpretations of collection notices.'").

Here, MFSI does not dispute Schaired's allegations that: (1) he is a "consumer"; the subject debt "arises out of a transaction [he] entered into for personal purposes"; or that (3)

MFSI is a "debt collector."[8] *See Wheeler*, 80 F. Supp. 3d at 1112 (quoting 15 U.S.C. § 1692a(3), (6)). MFSI only contests the fourth element of Schaired's Section 1692e(11) claim: it avers the facts alleged in the proposed Amended Complaint—which are identical to those alleged in the initial Complaint—fail to identify a communication that plausibly violates Section 1692e(11). (Opp'n at 5–7.)

Schaired alleges that MFSI violated Section 1692e(11) by failing to disclose its identity as a debt collector in subsequent communications to Schaired, namely, in the follow-up voicemails Schaired received in the two months after his March 2022 telephone conversation with MFSI. The proposed Amended Complaint contains two factual allegations in support of this claim.

First, Schaired alleges MFSI "fail[ed] to disclose to [him] that [MFSI] ] was a debt collector attempting to collect a debt in some of the voicemails it left on [his] cellular phone." (*Id.* ¶ 62.) This allegation fails to plausibly establish MFSI has engaged in conduct prohibited by the FDCPA. While the FDCPA must be liberally construed in favor of debtors, *see Clark*, 460 F.3d at 1176, a plaintiff-debtor fails to state a claim if his or her factual allegations deprive the court of relevant details regarding the purportedly violative conduct. *See Anderson v. Kimball, Tirey & St. John LLP*, No. 3:13-CV-253-JM (NLS), 2013 WL 12086645, at *3 (S.D. Cal. July 9, 2013) ("Conclusory statement[s] that [FDCPA violations] occurred without further details is insufficient to survive a motion to dismiss."); *accord Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013) (affirming dismissal of Section 1692e claim "with zero details or concrete examples" of the defendant's purportedly violative conduct). Indeed, conclusory allegations that largely parrot one or more of the litany of FDCPA violations delineated at Section 1692e, like Paragraph 62 of the proposed Amended Complaint does here, preclude the court from

---

[8] Nor does MFSI dispute its voicemails constitute "communications" under Section 1692e(11). Indeed, most courts to have considered the issue have concluded that "voicemails are communications that must conform to the disclosure requirements of [S]ection 1692e(11)." *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011) (collecting authorities, including those within the Ninth Circuit).

intelligently applying the "least sophisticated debtor" standard to the underlying facts. *See, e.g., Jackson v. ASA Holdings*, 751 F. Supp. 2d 91, 99–100 (D.D.C. 2010) (finding allegations that "do[] little more than parrot the language of the statute in conclusory fashion" fail to state an FDCPA claim); *Green v. Rosenberg & Assocs., LLC*, Civ. No. PJM 17-732, 2018 WL 1183655, at *4 (D. Md. Mar. 7, 2018) (dismissing FDCPA claim brought under Section 1692e because complaint "contain[ed] only conclusory allegations of various acts by [the defendants] that largely parrot the language of the statute without providing specific details").

Second, Schaired provides an exemplar MFSI voicemail, which states:

> This is Monterey Financial Services with an important message. This is an attempt to collect a debt. Please do not erase this message until you call us at 877-444-9967. Again, that number is 877-444-9967.

> This is Monterey Financial Services with an important message. This is an attempt to collect a debt. Please do not erase this message until you call us at 877-444-9967. Again, that number is 877-444-9967.

(Am. Compl. ¶ 26.) Schaired alleges MFSI failed to disclose in this communication it "is a debt collector attempting to collect a debt" and, thus, that this subsequent communication violates Section 1692e(11). (*Id.* ¶ 28.)

MFSI avers this allegation, too, is deficient. Schaired's theory, MFSI contends, essentially rests upon the premise MSFI violated Section 1692e(11) by failing to employ the precise statutory language from that provision in its voicemail. But MFSI argues Section 1692e(11) does not require debt collectors to identify themselves explicitly as such in order to maintain compliance with that sub-provision of the FDCPA. (Opp'n at 5 (arguing debt collectors need not "quote verbatim the language of the statute" to comply (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 668 (S.D.N.Y.)))). MFSI avers that its voicemail constitutes a compliant subsequent communication because even the least sophisticated consumer would understand from both (1) MSFI's self-identification and (2)

the inclusion of the statement "this is an attempt to collect a debt," that the messages were from a debt collector. (*Id.* at 7.) This Court agrees.

As many courts have observed, Section 1692e(11) is not "a magic incantation whose ritual observance is required to avoid the sovereign's wrath," and a Section 1692e(11) violation does not arise merely because a debtor employs language that deviates from the precise terminology set forth in the statute when the debt collector's "purpose of collecting a debt is obvious on the [communication's] face." *Dutton v. Wolpoff & Abramson*, 5 F.3d 649, 656 (3d Cir. 1993); *see also Emanuel v. Am. Credit Exch.*, 870 F.2d 806, 808 (2d Cir. 1989) ("[T]here simply is no requirement that [a communication] quote verbatim the language of the statute."). Indeed, the Ninth Circuit held recently in *Davis v. Hollins Law*, "[Section] 1692e(11) does not require a subsequent communication from the debt collector to use any specific language so long as it is sufficient to disclose that the communication is from a debt collector[.]" 832 F.3d at 963.

Applying the least sophisticated consumer standard to the facts of this case, and construing the facts in favor of Schaired, it is clear MFSI's voicemail is "sufficient to disclose to a debtor with a basic level of understanding that the communication at issue was 'from a debt collector.'" *See Davis*, 832 F.3d at 968. Schaired had spoken on the phone with MFSI in March 2022; during that conversation Schaired informed MFSI he "wanted to address the subject debt with Westgate *directly*," not through an intermediary collector like MFSI. (Am. Compl. ¶ 23.) And when MFSI left Schaired a voicemail no more than two months later, it not only identified itself by name but stated that the call was "an attempt to collect a debt." (Am. Compl. ¶ 26.) Numerous other tribunals have found a debt collector's use of precisely the same language is sufficient to inform even the least sophisticated consumer the follow-up communication was from a debt collector. *See, e.g.*, *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006) ("Though the letter does not say it is from a debt collector, the fact it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.'"); *Smith v. Select Portfolio Servicing, Inc.*, No. 18-CV-

2525, 2018 WL 3077795, at *2 (E.D. Pa. June 21, 2018) ("By clearly stating that each communication was sent for the purpose of debt collection, [defendant] provided the warnings required to make clear it was acting as a debt collector in accordance with the FDCPA."); *see also Hinds v. AR Res., Inc.*, Civ. No. 12-2567 (DWF/FLN), 2013 WL 1811322, at *3 (D. Minn. Apr. 30, 2013) ("The Court concludes that [defendant's] statement—'this is an attempt to collect a debt'—is sufficient to satisfy the requirements of section 1692e(11), as it effectively conveys the fact that [p]laintiff was speaking to a debt collector." (citation omitted)); *cf. Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1076 (E.D. Cal. 2007) (finding potential FDCPA violation where debt collector simply identified itself by firm name, but disclosed neither its status as a debt collector *nor the purpose of the call*); *Foti*, 424 F. Supp. 2d at 669 (similar).

Given the context, MFSI's voicemail was not "'false, deceptive, or misleading,' . . . and would not frustrate consumers' ability to intelligently chart a course of action in response to a collection effort." *Davis*, 832 F.3d at 967–68 (quoting 15 U.S.C. § 1692e; citing *Donohue*, 592 F.3d at 1034). Indeed, to find otherwise would be "bizarre and idiosyncratic." *See Evon*, 688 F.3d at 1027; *see also Davis*, 832 F.3d at 967.

Accordingly, the Court finds Count II fails to state a claim under Rule 12(b)(6) and, therefore, Schaired's Motion as to that claim is futile.

\* \* \* \*

Because Schaired has amended his pleading only once—and the allegations pertinent to Count II in the proposed Amended Complaint are identical to those set forth in his initial Complaint—this Court cannot determine at this time whether Schaired is able to come forward with facts supporting a viable Section 1692e(11) claim. Indeed, Schaired has identified only one communication from MFSI despite allegedly receiving 15 voicemails in the period between March 2022 and May 2022. Therefore, it is possible other MFSI voicemails exist that Schaired has yet to disclose, which would fail to inform even the least sophisticated consumer that MFSI is a debt collector. Accordingly, the Court **GRANTS** Schaired an opportunity to amend Count II. *See, e.g., Eminence Capital, LLC*

*v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.").

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Schaired's Motion for Leave to Amend. (ECF No. 15.) The Court denies without prejudice Schaired's Motion to the extent he seeks to move forward with Count II because the underlying FDCPA claim is futile as presently alleged. However, the Court grants Schaired's request to amend his class-action allegations. Schaired shall file a revised Second Amended Complaint that is consistent with this Order **by no later than February 6, 2023**.

The Court further **TERMINATES AS MOOT** MFSI's motion to dismiss the initial Complaint (ECF No. 4). *See Ramirez*, 806 F.3d at 1008 ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997))).

**IT IS SO ORDERED.**

**DATED: January 24, 2023**

Hon. Cynthia Bashant
United States District Judge