Alexander J. Taylor
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
Facsimile: (630) 575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. SCHAIRED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>MONTEREY FINANCIAL SERVICES, INC.<br><br>Defendant. | Case No. 3:22-cv-00736-BAS-MDD<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*;**<br><br>2. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;** |

**NOW COMES** ROBERT M. SCHAIRED ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of MONTEREY FINANCIAL SERVICES, INC. ("Defendant"), as follows:

1

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA and FDCPA are federal statutes.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) as Defendant resides in this judicial district.

## PARTIES

6. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Fort Stewart, Georgia.

2

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency that collects debt owed to third parties.

10. Defendant maintains its principal place of business in Oceanside, California.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1231.

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. In or around 2016, Plaintiff entered into timeshare contract with Westgate Resorts ("Westgate") for a timeshare in Florida.

16. Plaintiff obtained the timeshare for personal purposes.

17. Plaintiff allegedly defaulted on his obligations as set forth in the timeshare contract, leaving an unpaid balance of $8,969 ("subject debt").

18. At some point in time, Westgate placed the subject debt with Defendant for collection.

19. In or around June 2021, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

20. When the calls initially began, Claimant ignored Defendant's calls.

21. At no point in time did Plaintiff provide his cellular phone number to Defendant.

22. In March 2022, feeling harassed by Defendant's collection calls, Plaintiff answered a call.

23. During this call, Plaintiff (1) advised Defendant that he we wanted to address the subject debt with Westgate directly; and (2) requested that Defendant cease its collection calls.

24. Despite Plaintiff's request that the collection calls cease, Defendant continued its collections calls to Plaintiff's cellular phone.

25. In the collections calls that Plaintiff did not answer, Defendant left voicemail messages on Plaintiff's cellular phone using an artificial and/or prerecorded voice.

26. Specifically, Defendant always left one of the following prerecorded voicemails on Plaintiff's cellular phone:

> "This is Monterey Financial Services with an important message. This is an attempt to collect a debt. Please do not erase this message until you call us at 877-444-9967.  Again, that number

is 877-444-9967. Thank you."

"This is a message from Monterey Financial Services regarding some exciting settlement offers related to your account available through our website. Please visit www.montereyfinancial.com to review and take advantage of these offers. This is a message from a debt collector and this is an attempt to collect a debt."

27. It was clear to Plaintiff that Defendant's collection calls utilized an artificial and/or prerecorded voice ("robocalls") because: (1) all voicemails contained one of the two messages outlined in Paragraph 26; (2) the voicemails were precisely the same duration (depending on which version); (3) the voice in the voicemails was monotone and conspicuously not the voice of a live representative; (4) the caller never identified themselves by name; and (5) none of voicemails identified Plaintiff by his name.

28. In total, Defendant placed no less than fifteen (15) robocalls to Plaintiff's cellular phone *after* Plaintiff requested that Defendant cease its calls.

## DAMAGES

29. Defendant's harassing robocalls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required

to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

30. Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Plaintiff (1) received a voicemail notification message on his cellular phone, therefore distracting Plaintiff and causing Plaintiff to check his voicemail; and (2) occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

31. Due to Defendant's refusal to cease its harassing collection calls, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

32. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### TCPA Class

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number that was obtained by Defendant from a third party; (3) and that is assigned to a cellular telephone service; (4) using an artificial or prerecorded voice; (5) within the four years preceding the date of this Complaint through the date of class certification.

34. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.   Numerosity**

35. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

36. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

37. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

38. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.   Commonality and Predominance**

39. There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes.

40. Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.  Typicality**

41. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.  Superiority and Manageability**

42. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

44. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation**

46. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

47. Plaintiff has no interests antagonistic to those of the Putative Classes and Defendant has no defenses unique to Plaintiff.

48. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On Behalf of Plaintiff and the Members of the TCPA Class)**

49. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*" Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added)

51. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than fifteen (15) telephone calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

9

52. As pled above, Defendant repeatedly placed robocalls to Plaintiff's cellular phone in an effort to collect the subject debt without Plaintiff's consent.

53. As pled above, Plaintiff never provided his cellular phone number to Defendant or otherwise consent to receiving calls from Defendant.

54. Moreover, as pled above, Plaintiff requested that Defendant cease its calls.

55. Accordingly, there is no question that Defendant placed calls to Plaintiff's cellular phone without his consent.

56. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

58. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the TCPA Class, requests the following relief:

   a. An order granting certification of the TCPA Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;
   b. A judgment against Defendant for violations of 47 U.S.C. § 227 (b)(1)(A)(iii);

c. An order enjoining Defendant from placing further violating calls to consumers;

d. An award of $500.00 in damages to Plaintiff and the members of the TCPA Class for each violation of the TCPA;

e. An award of treble damages up to $1,500.00 to Plaintiff and the members of the TCPA Class for each TCPA violation; and

f. Any further relief as this Court deems just and proper.

## COUNT II:
## Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)
## (Plaintiff Individually)

60. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

61. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

62. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

63. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

64. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

65. Defendant violated § 1692c(a)(1) by placing collection calls to Plaintiff's cellular phone at a time Defendant knew to be inconvenient for Plaintiff.

**b. Violations of FDCPA § 1692d**

66. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

67. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

68. Defendant violated §§1692d and d(5) by repeatedly placing collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease.

69. There is no question that Defendant knew it was harassing Plaintiff as Plaintiff explicitly notified Defendant he no longer wished to receive calls from Defendant.

70. Defendant's conscious decision to continue placing collection calls to Plaintiff after it had actual knowledge that its phone calls were unwanted demonstrates Defendant's intent to harass and/or annoy Plaintiff.

71. Defendant's conduct in systematically placing unwanted phone calls to Plaintiff's cellular phone number is inherently harassing and abusive.

72. Moreover, Defendant's use of prerecorded messages was especially harassing as they required Plaintiff to repeatedly check his voicemails.

73. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

74. As pled above, Plaintiff was harmed by Defendant's unlawful collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment against Defendant for violations of the FDCPA;

b. An award of statutory damages in the amount of $1,000;

c. An award of actual damages;

d. An award of reasonable attorney's fees and costs; and

e. Any further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | |
|---|---|
| Date: February 6, 2023 | Respectfully submitted,<br><br>**ROBERT M. SCHAIRED**<br><br>By: */s/ Alexander J. Taylor*<br>Alexander J. Taylor<br>**SULAIMAN LAW GROUP, LTD.**<br>2500 S. Highland Ave., Ste. 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8180<br>Facsimile: (630) 575-8188<br>Email: ataylor@sulaimanlaw.com |