

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCHAIRED,<br><br>                         Plaintiff,<br><br>   v.<br><br>MONTEREY FINANCIAL SERVICES, INC.,<br><br>                         Defendant. | Case No. 22-cv-0736-BAS-MDD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO SHOW CAUSE** |

On April 4, 2023, United States Magistrate Judge Mitchell D. Dembin ordered Plaintiff Robert Schaired to show cause why he should not be sanctioned for his failure to appear at an Early Neutral Evaluation and Case Management Conference (ENE/CMC) scheduled that same day.  (First Order to Show Cause ("OSC"), ECF No. 26.)  Judge Dembin directed Schaired that he could show cause by appearing at a hearing on April 27, 2023, and that failure to do so would result in sanctions.  (*Id.*)  Schaired failed to appear at the April 27 hearing, in person or otherwise.  He did not file any document beforehand seeking to hold in abeyance the hearing, nor did he offer any explanation after the hearing justifying his failure to appear.

On May 5, 2023, this Court ordered Schaired to show cause why his failure to appear at the April 27, 2023 hearing should not be sanctioned with dismissal of the underlying

22cv0736

action.  (Second OSC, ECF No. 31 at 2.)  It gave Schaired until May 25, 2023 to show cause.  (*Id.*)  That date has come and gone, yet Schaired still has not shown cause.

It is well-settled that a district court may dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Although due process generally requires that a plaintiff have notice and opportunity to be heard before dismissal, when a plaintiff may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity of advance notice and a hearing.  *Link*, 370 U.S. at 630–32.

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Thus, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal quotations omitted). Generally, these five factors weigh in favor of *sua sponte* dismissal where a plaintiff has failed to prosecute a case or comply with an order of the court.  *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

Here, the above-mentioned factors weigh decisively in favor of dismissal because Schaired has failed to prosecute his case by not appearing at the ENE/CMC and, moreover, by failing to respond to the First and Second OSCs.

Public Interest in Expeditious Resolution:  "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  In this action, Schaired's inaction has hampered its expeditious

- 2 -

resolution.  Schaired stopped communicating with his attorneys in approximately February 2023, prompting his attorneys to subsequently withdraw their representation.  (Second OSC at 2.)  Furthermore, this Court's attempts to prod this case along have been met with Schaired's silence.  Indeed, this action effectively has been held in abeyance since April.  This Court cannot await indefinitely for Schaired to participate in this litigation he commenced.  Thus, this Court finds this factor weighs in favor of dismissal.

Court's Need to Manage its Docket:  A district court is best positioned to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The Court finds that Schaired's initial failure to appear at the ENE/CMC, in combination with his subsequent failure to comply with two Orders to Show Cause, has resulted in a continued delay in the prosecution of this case and has "impermissibly allowed [P]laintiff to control the pace of the docket rather than the [C]ourt."  *See Smith v. Cnty. of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan*, 291 F.3d at 642 ("It is incumbent on the Court to manage its docket without being subject to routine noncompliance of litigants.")).  Consequently, this factor weighs in favor of dismissal.

Prejudice to Defendant:  "To prove prejudice, a defendant must establish that [a] plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).  "The pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal."  *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496.  However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay.  *In re Eisen*, 31 F.3d 1447, 1552–53 (9th Cir. 1994); *see also Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

"Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for default."  *Malone*, 833 F.2d at

22cv0736

131.   Schaired did not respond to the First or Second Orders to Show Cause, thus, his reasons for failing to prosecute are unknown.  *See Garcia v. Fed. Bureau of Prisons*, No. 5:19-CV-00008-PSG-MAA, 2019 WL 6040412, at *4 (C.D. Cal. Oct. 21, 2019) (Report & Recommendation), *adopted*, 2019 WL 6039943 (C.D. Cal. Nov. 12, 2019).  Because the presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, the third factor favors dismissal.  *See id.* at *4 (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

Public Policy:   Public policy always favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643.  Thus, the Court recognizes that this factor weighs against dismissal.

Availability of Less Drastic Alternatives:   In assessing this factor, the Court considers whether alternatives less drastic than dismissal are feasible given the circumstances of the case.  *In re Eisen*, 31 F.3d at 1455.  "[A] district court's warning to a party that [her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at 1262.

When Magistrate Judge Dembin issued the First Order to Show Cause, he offered Schaired a less alternative less drastic than sanctions—including dismissal—for his failure to attend the ENE/CMC.  He did so by extending Schaired the opportunity to appear, in person, on April 27, 2023 for a hearing, and to provide the reason(s) for his nonattendance. (*See* First OSC.)  As mentioned above, Schaired again failed to appear before Magistrate Judge Dembin.  On May 5, 2023, this Court extended Schaired yet another alternative less drastic than dismissal when it issued a Second Order to Show Cause, warning that Schaired's failure to abide would result in dismissal.  (*See* Second OSC.)  Again, Schaired has chosen silence as his response to a court order.  Accordingly, the Court finds less drastic alternatives are not available under these circumstances.

On balance, four out of five factors weigh in favor of dismissal.  Accordingly, the Court exercises its inherent authority to dismiss the Complaint without prejudice.  *See O'Brien v. Visa USA, Inc.*, 225 F. App'x 677, 678 (9th Cir. 2007) (affirming dismissal for

22cv0736

failure to prosecute where plaintiff "did not establish that he served process on any defendant within" the time period prescribed in Rule 4(m)); *Shakar R. v. Saul*, No. 5:19-CV-01716 FMO (ADS), 2020 WL 2319877, at *1 (C.D. Cal. May 11, 2020) (dismissing for failure to file a proof of service or comply with an OSC requiring the same).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action based on Schaired's failure to prosecute under Rule 41(b) and his failure to comply with this Court's Orders to Show Cause. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: June 30, 2023**

Hon. Cynthia Bashant
United States District Judge

22cv0736